**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| BOBBY JORDAN and SHERRI BELL, INDIVIDUALLY and AS CO-ADMINISTRATORS OF THE ESTATE OF MALCOLM JORDAN, DECEASED, and HEATHER DOUTHITT, AS NATURAL MOTHER and GUARDIAN OF LUCAS MICHAEL JORDAN, a minor, | |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | Civil Action File No. |
| ARNOLD MOVING COMPANY, INC. D/B/A A. ARNOLD WORLD CLASS RELOCATION, VLADIMIR H. BALSA and TECHNOLOGY INSURANCE COMPANY, | |
| Defendants. | |

## <u>COMPLAINT FOR DAMAGES</u>

COME NOW, BOBBY JORDAN and SHERRI BELL, INDIVIDUALLY and AS CO-ADMINISTRATORS OF THE ESTATE OF MALCOLM JORDAN, DECEASED, and HEATHER DOUTHITT, AS NATURAL MOTHER and GUARDIAN OF LUCAS MICHAEL JORDAN, a minor, Plaintiffs in the above-captioned lawsuit and file this Complaint for Damages against ARNOLD MOVING COMPANY, INC. D/B/A A. ARNOLD WORLD CLASS RELOCATION

("ARNOLD MOVING CO."), VLADIMIR H. BALSA ("BALSA") and TECHNOLOGY INSURANCE COMPANY ("TECHNOLOGY INSURANCE") and showing this Honorable Court as follows:

## NATURE OF ACTION

1.

This is an action for wrongful death and survival/estate damages arising out of a motor vehicle collision that occurred on April 20, 2016 on Interstate 75 Southbound in Gordon County, Georgia.

2.

As a result of this collision, MALCOLM JORDAN suffered severe and painful personal injuries including extreme burn injuries to over 70% of his body that eventually resulted in his untimely death on May 10, 2016.

## PARTIES, JURISDICTION, AND VENUE

3.

MALCOLM JORDAN was a resident of Gordon County, Georgia at the time of his death.  At the time of his death, MALCOLM JORDAN was not married and had one child, LUCAS MICHAEL JORDAN, a minor.

4.

BOBBY JORDAN and SHERRI BELL are the surviving parents of MALCOLM JORDAND and were appointed as Co-Administrators of the Estate of

2

MALCOM JORDAN, deceased, by the Probate Court of Gordon County.  BOBBY

JORDAN and SHERRI BELL are residents of the State of Georgia.

5.

HEATHER DOUTHIT is the Natural Mother and Legal Guardian of LUCAS

MICHAEL JORDAN, a minor.  HEATHER DOUTHIT and LUCAS MICHAEL

JORDAN are residents of the State of Georgia.

6.

ARNOLD MOVING COMPANY, INC. D/B/A A. ARNOLD WORLD

CLASS RELOCATION ("ARNOLD MOVING CO.") is a foreign company

organized under the laws of the State of Kentucky with its principal place of business

located at 5200 Interchange Way, Louisville, KY 40229.  Therefore, ARNOLD

MOVING CO. is a resident of Kentucky.  ARNOLD MOVING CO. may be served

with legal process by serving its registered agent for service Gary A. Robbins at

5200 Interchange Way, Louisville, KY 40229.  Alternatively, service is proper on

the Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A.

§ 40-12-1 *et seq*.  Once served, ARNOLD MOVING CO. is subject to the

jurisdiction and venue of this Court.

3

7.

At all relevant times, Defendant ARNOLD MOVING CO. was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia, including in and through the Northern District of Georgia.

8.

Defendant VLADIMIR BALSA ("BALSA") was the driver of the moving truck involved in the subject collision that occurred in Georgia.  His last known address is 5013 Constance Drive Louisville, Kentucky 40272.  Therefore, he is a resident of Kentucky.  BALSA may be served with legal process at his address. Alternatively, service is proper on the Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 *et seq*.  Once served, BALSA is subject to the jurisdiction and venue of this Court.

9.

Defendant TECHNOLOGY INSURANCE COMPANY ("TECHNOLOGY INSURANCE") is a foreign insurance company organized and existing under the laws of New York with its principal place of business located at 59 Maiden Lane, 43rd Floor, New York, New York 10038.  Therefore, TECHNOLOGY INSURANCE is a resident of New York.  TECHNOLOGY INSURANCE may be served with legal process by serving its registered agent for service Corporation Service Company at 40 Technology Parkway South, Suite 300, Ben Hill, Norcross,

4

Georgia 30092.   Once served, TECHNOLOGY INSURANCE is subject to the jurisdiction and venue of this Court.

10.

TECHNOLOGY INSURANCE transacts business in the state of Georgia.

11.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

12.

The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

13.

There is complete diversity among the parties and Plaintiffs do not reside in the same state as any Defendant.

14.

Defendants are subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C § 1332, 28 USC § 1391(b), Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9-10-91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40-12-3 and other applicable law.

15.

TECHNOLOGY INSURANCE COMPANY provided liability insurance coverage to ARNOLD MOVING CO. for this collision under Policy Number TPP1058956 02.

16.

Defendant TECHNOLOGY INSURANCE COMPANY insures ARNOLD MOVING CO.. Accordingly, Plaintiffs have a direct action against TECHNOLOGY INSURANCE pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. §40-2-140(d)(4).

## **FACTS**

17.

At approximately 11:50 P.M. on April 20, 2016, the weather was clear on Interstate 75 in Gordon County, Georgia.

18.

Interstate 75 has three southbound lanes in the area where the subject collision occurred.

19.

At approximately 11:50 P.M. on April 20, 2016, Defendant BALSA was traveling southbound on Interstate 75 in Gordon County, Georgia.

20.

BALSA was operating a 2007 4300 Series International Box Truck owned

by ARNOLD MOVING. CO.

21.

Box Truck being operated by BALSA was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

22.

BALSA was operating the Box Truck in the middle southbound lane of Interstate 75.

23.

Ahead of BALSA, MALCOLM JORDAN was in a 2008 Nissan Xterra in the middle southbound lane of Interstate 75.

24.

The Xterra was disabled in the roadway due to a previous accident.

25.

The lights on the Xterra were on and in proper working order.

26.

The area in question is well lit by highway lights.

27.

The Xterra was visible in the roadway to drivers who were exercising reasonable care and keeping a proper and diligent lookout ahead.

28.

Several other vehicles avoided hitting the Xterra by slowing and changing lanes.

29.

Defendant BALSA slammed the vehicle he was driving into the left rear of the Xterra (this collision is referred to as "the subject collision").

30.

There was nothing that MALCOLM JORDAN could have or should have done under the circumstances to avoid or minimize the collision.

31.

The Xterra burst into flames after impact.

32.

As a direct and proximate result of the collision by Defendant BALSA, MALCOLM JORDAN suffered severe and extremely painful personal injuries including severe burns over a large percentage of his body.

33.

MALCOLM JORDAN was transported from the scene and was cared for at the Grady Memorial Hospital Burn Unit.  He survived and fought valiantly for his life for 20 days.  Despite all efforts, on May 10, 2016, he died as a direct and proximate result of the injuries he sustained in the subject collision.

## LIABILITY OF DEFENDANTS

### COUNTS ONE and TWO

### (BALSA's Negligence and Negligence *Per Se*)

34.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

35.

At all times material hereto, Defendant BALSA was a professional driver with a commercial driver's license.

36.

At all times material hereto, Defendant BALSA was driving a non-exempt commercial motor vehicle in interstate commerce.

37.

At all times material to this action, Defendant BALSA had a legal duty to adhere to Georgia traffic laws.

38.

At all times material to this action, Defendant BALSA had a legal duty to adhere to Georgia trucking safety regulations.

39.

At all times material to this action, Defendant BALSA had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

40.

At all times material to this action, Defendant BALSA had a legal duty to adhere to trucking industry standards.

41.

At all times material to this action, Defendant BALSA had a duty to operate his commercial vehicle in a safe and prudent manner.

42.

At all times material to this action, Defendant BALSA had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of MALCOLM JORDAN and the motoring public.  This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway, traffic, visibility and all traffic laws and regulations.

43.

Defendant BALSA breached his duties and was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

(a)   Failing to keep a proper lookout for vehicles and traffic ahead;

(b)   Failing to perform a proper visual search;

(c)   Failing to properly manage his space;

(d)   Following too closely;

(e)   Failing to use proper hazard perception techniques;

(f)   Failing to timely perceive and properly react to avoid the Xterra;

(g)   Failing to drive at a safe and reasonable speed under the conditions;

(h)   Failing to drive defensively;

(i)   Operating a motor vehicle while distracted;

(j)   Operating a motor vehicle while fatigued;

(k)   Failing to operate the vehicle in a safe and prudent manner, thereby placing
      the lives and well-being of the public in general, and MALCOLM
      JORDAN in particular, in grave danger;

(l)   Failing to adhere to safe driving principles expected of commercial drivers;

(m)   Failing to operate the truck in accordance with generally accepted safety
      principles for commercial drivers and/or the commercial motor vehicle
      industry;

(n)   Failing to operate the truck in a safe and prudent manner in view of the
      conditions that existed at the time of the subject collision;

11

(o)  Violating the Georgia Uniform Rules of the Road including O.C.G.A. § 40-6-49 (following too closely); O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property); and any other violations, each of which constitute negligence *per se*;

(p)  Violating Federal Motor Vehicle Safety Regulations;

(q)  Otherwise failing to act reasonably and prudently as the driver of a commercial motor vehicle the circumstances; and

(r)  Such other specifications of negligence that shall be added by amendment or proven at trial.

44.

As a direct and proximate result of the negligence and negligence *per se* of Defendant BALSA, MALCOLM JORDAN sustained personal injuries, endured severe pain and suffering, and ultimately died prematurely.

45.

By virtue of his negligence, Defendant BALSA is liable to the Estate of MALCOLM JORDAN for all economic and non-economic damages allowed by law that were proximately caused by the negligence of Defendant BALSA, including

12

without limitation damages for property damage, medical bills, funeral bills, and pain and suffering.

46.

By virtue of his negligence, Defendant BALSA is liable for all wrongful death damages allowed by law, including the full value (both economic and non-economic) of the life of MALCOLM JORDAN.

## COUNT THREE

### (*Respondeat Superior* Against ARNOLD MOVING CO.)

47.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

48.

At all times material hereto, Defendant BALSA was an employee or agent of Defendant ARNOLD MOVING CO.

49.

At all times material hereto, Defendant BALSA was acting within the course and scope of his employment or agency with Defendant ARNOLD MOVING CO.

50.

At all times material hereto, Defendant BALSA was operating a commercial vehicle owned (or exclusively controlled) by Defendant ARNOLD MOVING CO.

51.

At all times material hereto, Defendant BALSA was operating a commercial vehicle with the permission of Defendant ARNOLD MOVING CO.

52.

At all times material hereto, Defendant BALSA was operating a commercial vehicle in furtherance of the business and financial interests of Defendant ARNOLD MOVING CO.

53.

Defendant ARNOLD MOVING CO. is liable for the negligent actions and omissions of Defendant BALSA pursuant to the doctrine of *respondeat superior* and the rules of agency.

54.

Defendant ARNOLD MOVING CO. is liable to Plaintiffs for all damages sustained as a direct and proximate result of the negligence of Defendant BALSA.

55.

Defendant ARNOLD MOVING CO. is liable to the Estate of MALCOLM JORDAN for all economic and non-economic damages allowed by law that were

proximately caused by the negligence of Defendant BALSA, including without limitation damages for property damage, medical bills, funeral bills, and pain and suffering.

56.

Defendant ARNOLD MOVING CO. is liable for all wrongful death damages allowed by law, including the full value (both economic and non-economic) of the life of MALCOLM JORDAN

## COUNT FOUR

### (Negligence of ARNOLD MOVING CO.)

57.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

58.

At all relevant times, Defendant ARNOLD MOVING CO. was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

59.

At all relevant times, Defendant ARNOLD MOVING CO. was a motor carrier as defined by Georgia law.

60.

At all relevant times, Defendant ARNOLD MOVING CO. had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

61.

At all relevant times, Defendant ARNOLD MOVING CO. had a legal duty to comply with Georgia's trucking safety regulations.

62.

At all relevant times, Defendant ARNOLD MOVING CO. had a legal duty to comply with all trucking industry standards and practices.

63.

As an employer and Motor Carrier, Defendant ARNOLD MOVING CO. had certain duties, some imposed by regulations and others by industry standards and practices, in connection with the hiring, qualifying, training, entrusting, supervising and retaining Defendant BALSA.

64

Defendant ARNOLD MOVING CO. breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant BALSA.

65.

Defendant ARNOLD MOVING CO. had a duty to take reasonable steps to make sure its equipment including the 2007 4300 Series International Box Truck being operated by Defendant BALSA was in proper working order and condition.

66.

Defendant ARNOLD MOVING CO. breached the aforementioned duties and was negligent to the extent the subject collision was caused by a mechanical defect in the Box Truck being operated by Defendant BALSA.

67.

As a direct and proximate result of Defendant ARNOLD MOVING CO.'S negligence, MALCOLM JORDAN suffered catastrophic personal injuries that resulted severe pain and suffering and in his untimely death.

68.

Defendant ARNOLD MOVING CO. is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs in this case.

69.

Defendant ARNOLD MOVING CO.  is liable to the Estate of MALCOLM JORDAN for all economic and non-economic damages allowed by law that were proximately caused by its negligence, including without limitation damages for property damage, medical bills, funeral bills, and pain and suffering.

17

70.

By virtue of his negligence, Defendant ARNOLD MOVING CO. is liable for all wrongful death damages allowed by law, including the full value (both economic and non-economic) of the life of MALCOLM JORDAN.

## COUNT FIVE

### (Direct Action Against TECHNOLOGY INSURANCE)

71.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

72.

Defendant TECHNOLOGY INSURANCE provided liability coverage for the tractor-trailer involved in the collision and ARNOLD MOVING CO.'S employees and/or agents, including Defendant BALSA.

73.

Defendant TECHNOLOGY INSURANCE was transacting business in the State of Georgia and in the Northern District of Georgia on the date of the subject collision, and at all material times hereto.

74.

Defendant TECHNOLOGY INSURANCE agreed to provide insurance coverage to Defendants BALSA and ARNOLD MOVING CO. in consideration for the payment of insurance premiums.

75.

MALCOLM JORDAN as a member of the public injured due to a common carrier's negligence, is a third party beneficiary to the agreement between Defendant TECHNOLOGY INSURANCE and Defendant ARNOLD MOVING CO. and BALSA.

76.

On April 20, 2016, TECHNOLOGY INSURANCE Policy Number TPP1058956 02 was in force and covered Defendants BALSA and ARNOLD MOVING CO. for their liability for the collision.

77.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant TECHNOLOGY INSURANCE is subject to this Direct Action.

78.

Plaintiffs are entitled to receive payments from Defendant TECHNOLOGY INSURANCE for the tort liability of Defendants ARNOLD MOVING CO. and BALSA.

19

## COUNT SIX

### (Attorneys' Fees and Litigation Expenses Under O.C.G.A. § 13-6-11)

79.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

80.

There is no bona fide dispute as to Defendant BALSA'S and Defendant ARNOLD MOVING COMPANY'S liability and in the event Defendants deny liability or otherwise act stubbornly litigious or cause Plaintiffs unnecessary trouble and expense, Plaintiffs provides notice that they will seek their expenses of litigation including their reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT SEVEN

### (Punitive Damages against BALSA and ARNOLD MOVING CO.)

81.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

82.

Defendants BALSA and/or ARNOLD MOVING CO. have been guilty of such willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

83.

Defendants BALSA'S and/or ARNOLD MOVING CO.'S misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages pursuant to O.C.G.A. § 51-12-5.1.

84.

Any cap on the amount of punitive damages applied in this case would be unconstitutional for several reasons, including that it contravenes the inviolate right to trial by jury contained in Georgia's Constitution.

## DAMAGES

85.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

86.

Georgia law applies to this action and controls the damages and losses sustained in the collision described above.

87.

Each of the Defendants acted in a manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the incident described above and resulting serious injuries and ultimately the death of MALCOLM JORDAN.

21

88.

As a result of Defendants' negligence, Plaintiff MALCOLM JORDAN endured personal injuries, physical pain and mental suffering, and other losses and limitations that fall under the category of pain and suffering.

89.

As a result of Defendants' negligence, Plaintiff MALCOLM JORDAN incurred medical expenses as well as other expenses resulting from her injuries and limitations.

90.

As a result of Defendants' negligence, Plaintiff MALCOLM JORDAN suffered personal injuries that ultimately caused his death.

91.

Defendants' negligence is the sole and proximate cause of the injuries, damages and losses set forth above.

92.

Defendants are liable to Plaintiff for all of the injuries, damages and losses set forth herein.

93.

Pursuant to O.C.G.A. § 51-4-2 and other Georgia law, HEATHER DOUTHITT, AS NATURAL MOTHER and GUARDIAN OF LUCAS MICHAEL

JORDAN, a minor, is entitled to recover compensatory damages for the wrongful death of MALCOLM JORDAN, deceased, the measure of which under Georgia law is the full value of his life, both economic and intangible, as determined by the enlightened conscience of a fair and impartial jury.

94.

BOBBY JORDAN and SHERRI BELL, INDIVIDUALLY and AS CO-ADMINISTRATORS OF THE ESTATE OF MALCOLM JORDAN, deceased, are entitled to recover all survival damages related to the death of MALCOLM JORDAN, including all special damages incurred, punitive damages and all damages related to MALCOLM JORDAN's pre-death pain and suffering pursuant to O.C.G.A. § 9-2-40 and other Georgia law.

## PRAYER FOR RELIEF

95.

WHEREFORE Plaintiffs pray for the following relief:

(a)     A trial by jury on all issues in this case;

(b)     That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c)     That judgment be entered in favor of Plaintiffs and against Defendants;

(d)     That Plaintiffs have and recover all damages for all losses compensable under Georgia law as set forth above;

(e)     For Plaintiffs to be awarded their special damages including past medical expenses in an amount to be shown by the evidence at trial;

(f)     For Plaintiffs to be awarded their general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial including damages for the wrongful death of MALCOLM JORDAN and damages for his physical and mental pain and suffering before his death;

(g)     That all attorneys' fees, expenses, and costs be cast against the Defendants;

(h)     That service be had on the Defendants as provided by law;

(i)     That the Court award punitive damages against Defendants;

(j)     That all expenses of litigation, including attorney's fees, be cast against the Defendants; and

(k)     For such other and further relief as the Court deems just and proper.

This 12th day of September, 2016.

FRIED ROGERS GOLDBERG LLC


*/s/ Brian T. Mohs*_____
JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
BRIAN T. MOHS
GEORGIA STATE BAR NUMBER 228033
JOSEPH L. WILSON
GEORGIA STATE BAR NUMBER 372083
*ATTORNEYS FOR PLAINTIFF*

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE:  404-591-1800
FACSIMILE:   404-591-1801
E-MAIL:      JOE@FRG-LAW.COM
             BRIAN@FRG-LAW.COM